UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK   For Online Publication Only
-----------------------------------------------------------------------X
LAWRENCE FELTZIN,

                            Plaintiff,

    v.-

                                                      **MEMORANDUM & ORDER**
                                                      14-cv-5131 (JMA) (ARL)

TRIANGLE PROPERTIES #1, LLC,

                            Defendant.
-----------------------------------------------------------------------X

**AZRACK, United States District Judge:**

      Plaintiff Lawrence Feltzin brings this action alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq (the "ADA") based on the alleged denial of disability access to the Jericho Shopping Office Plaza in Jericho, New York. Defendant Triangle Properties #1, LLC allegedly owns and/or manages the Jericho Shopping Office Plaza. Plaintiff asserts claims for (1) a declaratory judgment that defendant violated Title III of the ADA; (2) injunctive relief against defendant stemming from alleged ADA violations; and (3) an award of attorney's fees, costs, and litigation expenses pursuant to 42 U.S.C. § 12205.

      Defendant has moved for a judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), arguing that plaintiff lacks standing, that plaintiff has failed to state a claim upon which relief can be granted, and that plaintiff has failed to join necessary parties. For the reasons stated below, the Court finds that plaintiff lacks standing. The Court does not consider whether plaintiff has failed either to state a claim or to join necessary parties. Defendant's motion for a judgment on the pleadings is granted and plaintiff's First Amended Complaint is dismissed.

## I. BACKGROUND

On August 29, 2014, plaintiff commenced this action against Triangle Properties, Inc. On December 8, 2014, plaintiff filed a notice of voluntary dismissal with respect to Triangle Properties, Inc. and filed his First Amended Complaint naming Triangle Properties #1, LLC as defendant.

### A. Plaintiff's Allegations and Sworn Statements

The following facts are taken from plaintiff's First Amended Complaint (the "complaint") and from plaintiff's affidavit, which was submitted as Exhibit A to plaintiff's memorandum in opposition to the instant motion. For the purposes of this motion, all of plaintiff's allegations and sworn factual statements are assumed to be true.

Plaintiff Lawrence Feltzin has paraplegia and uses a wheelchair to ambulate. (First Amended Complaint ("Compl.") ¶ 5.) Plaintiff currently resides in Boynton Beach, Florida. (Id. ¶ 1.) Prior to moving to Florida, plaintiff lived in Nassau County, New York. (Affidavit of Lawrence Feltzin dated February 14, 2016 ("Feltzin Aff.") ¶ 4(e), Dkt. No. 39 Ex. A.) While living in Nassau County, plaintiff resided in the towns of Jericho, Roslyn, and Westbury at locations that are, respectively, 2.2 miles from the Jericho Shopping Office Plaza, 6.1 miles from the Jericho Shopping Office Plaza, and 0.8 miles from the Jericho Shopping Office Plaza. (Id. ¶¶ 4(e), 4(g).)

Defendant Triangle Properties #1, LLC "owns, leases, leases to, or operates" the Jericho Shopping Office Plaza, a place of public accommodation located at 2-24 Jericho Turnpike, Jericho, New York 11753. (Compl. ¶ 6.) Plaintiff alleges that he "has visited the property" and "plans to return," and further alleges that he "desires to visit the Jericho Shopping Office Plaza not only to avail himself of the goods and services available at the property, but to assure himself that this

property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination." (Id. ¶¶ 5, 7.)

Plaintiff alleges that defendant "discriminated against [him] by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12181 et seq." (Id. ¶ 8.) The complaint further alleges that such discrimination was the result of defendant's failure "to have accessible facilities" and includes a 12-part list of violations that were allegedly uncovered by a "preliminary inspection." (Id. ¶ 9.) The alleged violations are divided into three categories: (1) violations in connection with the parking lot, curbs, and "exterior accessible routes;" (2) violations in connection with "access to goods and services" within tenant businesses; and (3) violations in connection with restrooms within individual tenant businesses. (Id.)

Plaintiff alleges that he "has encountered architectural barriers at the subject property" and that such barriers have "impaired [his] ability to park safely at the premises, to use restrooms safely and to access goods and services at the premises." (Id. ¶ 5; see also id. ¶ 9 ("These conditions can cause Mr. Feltzin and those in wheelchairs to be tipped out of their chairs;" ". . . those in wheelchairs can be harmed by these conditions;" "Restrooms . . . provide dispensers beyond reach of wheelchair users and are inaccessible to the plaintiff.").)

The complaint neither identifies nor describes any specific situation in which plaintiff encountered any violation of the ADA or in which his enjoyment of the Jericho Shopping Office Plaza was impaired. In his affidavit, plaintiff states that he "frequented the shopping center on July 14, 2014," but includes no additional information about any encounters with architectural barriers or any impairment of his enjoyment of the subject premises. (See Feltzin Aff. ¶ 4(f).) Although the complaint alleges that the subject premises is home to a number of separate tenant

3

businesses, plaintiff does not allege that he ever frequented any particular business or that he ever encountered any violations within a particular business. Plaintiff also fails to allege that any violation existed within a particular business and, instead, provides blanket descriptions of violations that allegedly exist within multiple businesses. (See, e.g., Compl. ¶ 9 ("Restrooms at Bagel Boss, Gyrolicious, Nagashima Japanese Restaurant and Frank's Steaks provide dispensers beyond reach of wheelchair users . . .").)

Plaintiff does not appear to allege that he has been deterred from returning to the subject premises and, indeed, states that he has "been going to the shopping center for many years" and that he "plan[s] to continue to return when [he is] in New York." (Id. ¶ 4(h).)

Finally, the complaint states that the defendant "continues to discriminate against the Plaintiff . . . by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities." (Compl. ¶ 12.)

## II.   DISCUSSION

Defendant has moved for a judgment on the pleadings pursuant to Rule 12(c) on three alternative grounds. Because the Court finds that plaintiff lacks standing to sue, it does not reach defendant's arguments that plaintiff has failed to state a claim or that plaintiff has failed to join necessary parties.

**A. General Standards for Assessing Standing**

Article III of the United States Constitution limits federal jurisdiction to actual cases and controversies. As a result, the question whether a plaintiff has standing to sue "is the threshold question in every federal case, determining the power of the court to entertain the suit." Warth v. Seldin, 422 U.S. 490, 498 (1975). A plaintiff bears the burden of demonstrating standing by

4

proving (1) that she suffered an "injury in fact," (2) a causal relationship between the injury and the challenged conduct, and (3) that the injury is likely to be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992); see also Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016). Plaintiffs seeking injunctive relief must also demonstrate a "real and immediate threat of future injury." Bernstein v. City of New York, 621 F. App'x 56, 57 (2d Cir. 2015) (quoting Shain v. Ellison, 356 F.3d 211, 215–16 (2d Cir. 2004)).

Each element of standing "must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." Lujan, 504 U.S. at 561. Thus, courts examining standing at the pleading stage "must accept as true all material factual allegations in the complaint" and may also "consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but . . . may not rely on conclusory or hearsay statements." J.S. ex. rel. N.S. v. Attica Cent. Schs., 386 F.3d 107, 110 (2d Cir. 2004); see also Amidax Trading Group v. S.W.I.F.T. SCR, 671 F.3d 140, 145 (2d Cir. 2011) (when considering standing, a court "need not 'credit a complaint's conclusory statements without reference to its factual context'") (quoting Ashcroft v. Iqbal, 556 U.S. 662, 686 (2009)).

In short, a plaintiff "must allege facts that affirmatively and plausibly suggest that it has standing to sue" in order to survive a motion for judgment on the pleadings for lack of standing. Amidax, 671 F.3d at 145 (citing Selevan v. N.Y. Thruway Auth., 584 F.3d 82, 88 (2d Cir. 2009).

### B. Standing in the ADA Context

Claims for injunctive relief under Title III of the ADA are subject to Article III standing requirements and must be dismissed where standing does not exist. See, e.g., Forziano v. Indep. Grp. Home Living Program, Inc., 613 F. App'x 15, 19 (2d Cir. 2015). Although the Second Circuit appears to have recognized that an ADA "tester"—that is, an individual who seeks out and sues

5

businesses that are allegedly in violation of the ADA—is capable of establishing Article III standing, testers are still subject to the same standing requirements as any other litigant. See Harty v. Simon Prop. Grp., L.P., 428 F. App'x 69, 71–72 (2d Cir. 2011) (finding that tester-plaintiff's allegations were sufficient to establish Article III standing); see also Ortiz v. Westchester Med. Ctr. Health Care Corp., No. 15-cv-5432, 2016 WL 6901314, at *5 (S.D.N.Y. Nov. 18, 2016) ("Although the ADA generously confers the right to be free from disability-based discrimination, Congress cannot abrogate the Art. III minima: A plaintiff must always have suffered a distinct and palpable injury to himself that is likely to be redressed if the requested relief is granted.") (internal quotations and citations omitted). As the Supreme Court recently held while analyzing another statute, "Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing." Spokeo, 136 S.Ct. at 1547–48.

Thus, a plaintiff seeking injunctive relief for violations of Title III of the ADA has standing only where the "plaintiff (1) alleges past injury under the federal statute, (2) shows that it is reasonable to infer from his or her complaint that the discriminatory treatment will continue, and (3) shows that it is reasonable to infer that he or she 'intend[s] to return to [the public accommodation].'" Pincus v. National R.R. Passenger Corp., 581 Fed. App'x 88, 89 (2d Cir. 2014) (alteration in original) (quoting Kreisler v. Second Ave. Diner Corp., 731 F.3d 184, 187–88 (2d Cir. 2013)); see also Camarillo v. Carrols Corp., 518 F.3d 153, 158 (2d Cir. 2008).

Here, defendant argues that plaintiff lacks standing for two separate reasons. First, defendant argues that plaintiff has failed to allege that he personally encountered and was injured by the alleged violations. Second, defendant argues that plaintiff has failed to allege a plausible intention to return to the Jericho Shopping Office Plaza. Because the Court finds that plaintiff has

6

failed to allege any injury arising from a personal encounter, it does not reach the question whether plaintiff has alleged a plausible intent to return.

A plaintiff asserting claims under Title III of the ADA must allege that he suffered an injury that is both "concrete and particular" and "actual or imminent, not conjectural or hypothetical." Shariff v. Kim's Rainbow Cleaners, Inc., No. 11-cv-1496, 2013 WL 5519970, at *2 (E.D.N.Y. Sept. 30, 2013) (quoting City of Los Angeles v. Lyons, 491 U.S. 95, 102 (1983)). As the Supreme Court recently stressed in Spokeo, federal courts may only exercise jurisdiction over claims where the plaintiff has alleged an injury that is both particular to the individual plaintiff and "real, and not abstract." Spokeo, 136 S.Ct. at 1547 (internal quotations omitted). Although Spokeo did not concern ADA standing, it serves as a reminder that all claims—even those brought under a statutory regime meant to be liberally construed—must satisfy applicable constitutional requirements. Thus, it is not enough for a plaintiff to allege conditions that violate the ADA; he must also allege facts sufficient to establish that he has been injured by those violations.

Such an injury can take two forms: "direct injury from personally encountering disability-based discrimination at Defendant's property" or "deterrence from using Defendant's property because it is not ADA compliant." Shariff, 2013 WL 5519970, *2 (quoting Access 4 All, Inc., v. Trump Int'l Hotel & Tower Condo., 458 F.Supp.2d 160, 173 (S.D.N.Y 2006)); see also Kreisler, 731 F.3d at 188 (explicitly adopting a deterrence-based theory of injury). Because plaintiff has not attempted to allege a deterrence-based injury, the Court focuses its inquiry on the former category.

Courts both in this Circuit and elsewhere have held that, as a bare minimum, a plaintiff can establish a direct injury sufficient to support standing only if she "personally encounters the barrier to access" that caused her injury. Panzica v. Mas-Maz, Inc., No. 05-cv-2595, 2007 WL 1732123,

7

at *3 (E.D.N.Y. June 11, 2007); see also Gaylor v. Hamilton Crossing CMBS, 582 F. App'x 576, 579–80 (6th Cir. 2014) (finding that plaintiff established prior injury where he "alleged that he personally observed and encountered an architectural barrier to access in [defendant's] parking lot in the form of excessive slopes, causing him to experience serious difficulty and depriving him of equal access when parking his vehicle and navigating the property"); Ortiz, 2016 WL 6901314, at *6 (finding that deaf plaintiffs established injury by alleging specific instances of discriminatory treatment during a visit to defendant medical center); Green v. DGG Properties Co., No. 11-cv-1989, 2013 WL 395484, at *12 (D. Conn. Jan. 31, 2013) (finding that plaintiff established injury where he detailed numerous personal encounters with inaccessible conditions at a hotel and restaurant, but ultimately dismissing case for lack of standing on other grounds); cf. Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 955 (9th Cir. 2011) (plaintiff lacked standing where his complaint left "the federal court to guess which, if any, of the alleged violations deprived him of the same full and equal access that a person who is not wheelchair bound would enjoy"). In short, a plaintiff who does not allege a personal encounter with conditions in violation of the ADA has failed to allege a direct injury.

Even where a plaintiff personally encounters conditions that allegedly violate the ADA, however, such encounter must cause an injury that is both concrete and particular to the plaintiff in order to be sufficient to establish standing. See Spokeo, 136 S.Ct. at 1548; see also Perdum v. Forest City Ratner Companies, 174 F. Supp. 3d 706, 717–18 (E.D.N.Y. 2016) (finding, at the summary judgment stage, that plaintiff lacked standing based on an allegation that vertical clearance in a parking garage was insufficient to allow the entry of accessible vans because he did not establish that he, himself, was ever barred or deterred from entering and therefore was not injured); Seco v. NCL (Bahamas), Ltd., 588 F. App'x 863, 865 (11th Cir. 2014) (finding that

8

wheelchair-bound plaintiff lacked standing to sue cruise provider for lack of accessible exterior cabins with balconies because plaintiff failed to allege that the lack of access to such cabins impaired his "full and equal enjoyment" of the cruise ship, and, therefore, had alleged no injury).

### i. Plaintiff Fails to Allege an Injury In Fact

As an initial matter, neither the complaint nor affidavit alleges that plaintiff has been deterred from frequenting the subject premises. Rather, plaintiff states that he has "been going to the shopping center for many years" and that he "plan[s] to continue to return when [he is] in New York." (Feltzin Aff. ¶ 4(h).) Further, plaintiff's brief does not argue that his pleadings and affidavit should be construed as advancing a deterrence-based theory of injury. The Court therefore focuses its inquiry on whether plaintiff has alleged a direct injury.

Plaintiff's brief also fails to respond substantively to defendant's argument that he has not alleged a direct injury. Instead, plaintiff focuses on three issues that the Court need not reach: the legitimacy of tester standing (Pl's. Opp. 4-9), the adequacy of plaintiff's alleged intent to return to the subject premises (id. 9-16), and whether tenants are indispensable parties (id. 16-20). The entirety of plaintiff's argument concerning injury is contained in two sentences buried in a section that otherwise focuses on plaintiff's professed intent to return. Beyond stating that the injury requirement is "clearly" met, plaintiff sets forth no substantive argument that he has alleged an injury stemming from a personal encounter with violations of the ADA.[1]

The Court therefore looks to the complaint and affidavit to determine whether plaintiff has alleged an injury sufficient to establish standing. Beyond noting a specific date on which he

---

[1] The entirety of plaintiff's argument is as follows: "The injury complained of by Mr. Feltzin, as set forth herein, in Plaintiff's Amended Complaint, and in Plaintiff's attached Affidavit, are [sic] clearly concrete and particularized injuries, to satisfy that [sic] requirements of standing, when seeking injunctive relief. Mr. Feltzin's injuries are fairly traceable to the challenged action of the Defendant, and finally it is also clearly likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." (Pl's. Opp. 15.)

9

allegedly visited the subject premises, plaintiff's affidavit includes no allegation that he has personally encountered and been injured by any particular violation. Thus, the bulk of the discussion below focuses on allegations contained in the complaint.

Plaintiff alleges that he "encountered architectural barriers at the subject property" and that such barriers "have impaired [his] ability to park safely at the premises, to use restrooms safely and to access goods and services at the premises." (Compl. ¶ 5.) Plaintiff provides no additional information concerning either these alleged encounters or any resulting injuries. In fact, plaintiff provides no details at all concerning any instance in which he allegedly encountered a violation. As defendant rightly notes, plaintiff fails to allege: (a) that he was ever unable to maneuver his wheelchair on any ramps at the subject premises or was otherwise hindered from accessing the premises; (b) that he was ever hindered or restricted from accessing or utilizing any part of any tenant business; or (c) that his use of the restroom in any particular tenant business was ever hindered or restricted. As noted above, the Jericho Shopping Office Plaza consists of multiple tenant businesses, including at least four separate restaurants. (See, e.g., Compl. ¶ 9.) Despite this fact, plaintiff fails to allege that he ever frequented any particular business or that he encountered violations within any particular business.

Without any supporting factual allegations, plaintiff's claim that he "personally encountered" each of a long list of violations amounts to no more than a conclusory recitation of the legal elements of a direct injury under the ADA. The Court is not obligated to—and does not—accept such conclusions. See Amidax, 671 F.3d at 145 (holding that a court "need not 'credit a complaint's conclusory statements'" when considering whether a plaintiff has alleged facts sufficient to support standing) (quoting Iqbal, 556 U.S. at 688). The Court's conclusion on this matter is strengthened by an examination of the phrasing with which plaintiff introduces the list of

10

alleged violations, which reads as a recitation of the elements of an ADA claim that avoids alleging that plaintiff, himself, encountered and was injured by any violation. (See, e.g., Compl. ¶ 9 ("a preliminary inspection . . . has shown that violations exist"); ("Inspection revealed that Mr. Feltzin was unable to use the restrooms safely due to a lack of accessibility."); ("These conditions *can* cause Mr. Feltzin and those in wheelchairs to be tipped out of their chairs.") (emphasis added).)

Moreover, plaintiff's allegations that the barriers he encountered have "impaired [his] ability to park safely at the premises, to use restrooms safely and to access goods and services at the premises" are simply too conclusory to establish standing. (Id. ¶ 5.) Plaintiff makes no attempt to tether his laundry list of alleged violations to any alleged injury. Absent such a connection, plaintiff lacks standing. Cf. Perdum, 174 F. Supp. 3d at 717–18 (holding that plaintiff lacked standing absent a showing that alleged violations caused injury).

Because plaintiff alleges no facts indicating that he was injured by a personal encounter with a violation of the ADA, he has failed to establish standing. See Spokeo, 136 S.Ct. at 1547 (holding that a plaintiff must allege an injury that is both concrete and particular to establish standing); Chapman, 631 F.3d at 955 (finding that the plaintiff lacked standing where his complaint "does nothing more than perform a wholesale audit of the defendant's premises" without alleging any personal encounter with a violation) (internal quotations omitted). The Court therefore lacks subject matter jurisdiction, and the case must be dismissed.

Because the Court lacks subject matter jurisdiction, it does not reach defendant's arguments that plaintiff has failed to state a claim upon which relief can be granted and that plaintiff has failed to join necessary parties.

### III. CONCLUSION

For the reasons set forth above, defendant's motion for a judgment on the pleadings is granted. The Clerk of Court is directed to enter judgment accordingly and close the case.

**SO ORDERED.**

Date: December 15, 2016
Central Islip, New York

                                                          _____/s/ (JMA)_____
                                                          Joan M. Azrack
                                                          United States District Judge